IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:08-00143 |
| | ) | Judge Trauger |
| PAMELA GAIL HOLDER | ) | |

## MEMORANDUM

Pending before the court is the Government's Motion to Amend the Order of Judgment and Conviction to Include Forfeiture (Docket No. 169) and the defendant's response (Docket No. 177). For the reasons discussed below, the Government's motion will be granted.

## BACKGROUND

On April 13, 2009, defendant Pamela Gail Holder was convicted by a jury of four counts of bank fraud and wire fraud under 18 U.S.C. §§ 2, 1343, and 1344.[1] On July 9, 2009, the Government filed a Motion for Issuance of a Preliminary Order of Forfeiture and for Substitute Assets (Docket No. 103), and on July 20, the court granted the Government's proposed Preliminary Order of Forfeiture. (Docket No. 105.) The preliminary order stated, in relevant part:

> 1. As the result of the guilty verdict on Counts One through Four of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 982(a)(8), and this Court's finding that the United States has established the requisite nexus between a mounted five-karat princess cut diamond purchased for approximately $77,000 and the offenses as alleged in Count Two

---

[1] Unless otherwise noted, the facts are drawn from the parties' submissions and the court's intimate familiarity with this case.

1

> of the Indictment, Defendant Pamela Gail Holder shall forfeit to
> the United States her interest in the diamond ring . . . .
>
> 2. Pursuant to 21 U.S.C. § 853(p), to the extent the assets charged
> with forfeiture cannot be located, the Court will order the
> forfeiture of any other property of the defendant up to the amount
> of the assets charged with forfeiture.

(Docket No. 105 ¶¶ 1-2.)

Three days later, the defendant filed a Motion to Clarify or Modify Preliminary Order of Forfeiture, arguing that "the Court has not made any of the factual findings necessary to trigger the substitute-property provision of 21 U.S.C. § 853(p)(2)." (Docket No. 106 at 1.) Specifically, Holder claimed that the Government had provided no evidence to support its allegation that she sold the diamond ring to a jewelry broker for $40,000 in May 2007, or that the ring was sold by her, rather than her husband.[2] (*Id.* at 1-2.) In response, the Government filed an affidavit from an FBI special agent regarding the sale of the ring. The affidavit stated that the agent had interviewed the jewelry broker, who "stated that in May 2007 he purchased the same diamond back from Pamela Holder for $40,000." (Docket No. 113, Ex. 1.)

On August 25, 2009, the court entered an Order granting the defendant's Motion to Clarify, stating: "To the extent that either party wishes to present proof on this forfeiture issue at the sentencing hearing scheduled for November 13, 2009, they will be permitted to do so." (Docket No. 114.) In her sentencing memorandum, Holder reiterated the argument that the Government had not met its evidentiary burden to reach substitute assets under § 853(p)(2).

---

[2] Section 853(p)(2)(B) allows the Government to reach substitute assets if the defendant has sold the forfeitable property to a third party.

(Docket No. 158 at 31-32.) She also argued that, under ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1), her retirement accounts are not reachable as substitute assets. (*Id.* (citing *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 376 (1990); *United States v. Hargrove*, No. 03 CR 779-02, 2006 U.S. Dist. LEXIS 63640 (N.D. Ill. June 26, 2006); *United States v. Norton*, No. 2:99CR10078, 2002 U.S. Dist. LEXIS 17052 (W.D. Va. Sept. 3, 2002)).)

On November 13, the court held a sentencing hearing. Neither the Government nor the defendant offered additional evidence on the forfeiture issue. The court questioned the defendant's counsel, Ronald Small, about this:

> THE COURT: Is there any proof that anyone is going to put on about the forfeiture and the substitute assets concerning the ring? I know we kind of – I said I would allow anybody to put on anything else they wanted to. Does anybody intend to put on any proof about that?
>
> MR. SMALL: No, Your Honor, I don't have any proof. It's just the arguments we submitted as well in our sentencing memo.
>
> THE COURT: Okay. All right.

(Docket No. 176 at 15.)

When announcing its sentencing ruling, the court stated: "I also rule that the government cannot reach [the defendant's] retirement money as a substitute asset in the forfeiture action." (*Id.* at 119.) Shortly thereafter, while speaking to the Government's lawyer, Peter Frandsen, the court affirmatively stated that the Government "can go after substitute assets":

> MR. FRANDSEN: And back to the issue of the ring is still outstanding. We submitted proof that the defendant doesn't have it anymore based primarily on the representation to the Court earlier. I think that's necessary for the Court to make that finding but – with a preliminary finding of forfeiture.

Case 3:08-cr-00143 Document 178 Filed 02/04/10 Page 3 of 7 PageID #: 1758

> THE COURT: I think you can go after substitute assets. I'm just ruling that you cannot go after her retirement.
>
> MR. FRANDSEN: Right, I understand that, Your Honor. Okay. Thank you.
>
> THE COURT: Okay. And I think there's a – you need a further order on that.
>
> MR. FRANDSEN: Yes, Your Honor.

(*Id.* at 123.)

On November 24, 2009, the court entered a written Judgment assessing criminal monetary penalties and sentencing the defendant to a prison term. (Docket No. 164.) The Judgment was silent as to forfeiture. On January 14, 2010, the Government filed the instant motion.

## ANALYSIS

The Government has filed a Motion to Amend, pursuant to Federal Rule of Criminal Procedure 36, asking the court to amend its written Judgment to include a final order of forfeiture.

Under Federal Rule of Criminal Procedure 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment." Rule 32.2, which was amended on December 1, 2009, controls criminal forfeiture proceedings. Rule 32.2(b)(2) requires a court to enter a preliminary order of forfeiture in advance of sentencing, and Rule 34(b)(4)(A) states that, "[a]t sentencing[,] . . . the preliminary forfeiture order becomes final as to the defendant." Under amended Rule 34(b)(4)(B), "[t]he court must include the forfeiture when

4

orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, *but the court's failure to do so may be corrected at any time under Rule 36*." (Emphasis added.)

The Advisory Committee notes to the 2009 amendments to Rule 32.2 explain that this new language is "intended to clarify what the district court is required to do at sentencing, and to respond to conflicting decisions in the courts regarding the application of Rule 36 to correct clerical errors." Previously, courts grappled with the question of whether the omission of a final forfeiture order from a written judgment is a "clerical error" that is correctable under Rule 36. The Sixth Circuit never addressed this issue, but the Third, Fourth, Seventh, and Eighth Circuits allowed district courts to use Rule 36 to add forfeiture orders.[3] *United States v. Quintero*, 572 F.3d 351, 353 (7th Cir. 2009); *United States v. Bennett*, 423 F.3d 271, 277-81 (3d. Cir. 2005); *United States v. Mitchell*, 70 Fed. Appx. 707, 713-16 (4th Cir. 2003); *United States v. Hatcher*, 323 F.3d 666, 672-74 (8th Cir. 2003). Similarly, without explicitly addressing the definition of "clerical error," the First and Fifth Circuits allowed district courts to enter forfeiture orders after a written judgment has been filed. *United States v. Yeje-Cabrera*, 430 F.3d 1, 13-16 (1st Cir. 2005); *United States v. Loe*, 248 F.3d 449, 463-64 (5th Cir. 2001). This majority view is

---

[3] The Sixth Circuit has, however, held that when a district court "clearly announces its intention[s]" at sentencing, the court may, pursuant to Rule 36, amend the written judgment to "conform[] with what had been orally discussed at . . . hearing." *United States v. Carr*, 421 F.3d 425, 433 (6th Cir. 2005); *cf. United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000) (noting the rule that, "if there is a discrepancy between the oral pronouncement of a criminal sentence and the written judgment, the oral sentence generally controls").

5

embodied in the new Rule 32.2.

Only the Eleventh Circuit reached a contrary conclusion. *United States v. Pease*, 331 F.3d 809 (11th Cir. 2003), held that the addition of a final order of forfeiture is a "substantive alteration to a criminal sentence," not a correction of a "clerical error." *Id.* at 816. The defendant relies exclusively on *Pease* in arguing that this court cannot use Rule 36 to amend the Judgment.

The amendments to Rule 32.2 have effectively superseded *Pease*.[4] Here, a preliminary order of forfeiture was properly entered, and the court stated clearly at the sentencing hearing that the Government could "go after substitute assets," with the exception of the defendant's retirement accounts. (Docket No. 176 at 119, 123.) Because the defendant was on notice of the forfeiture, the court is empowered to amend its written Judgment to include a final order of forfeiture. Fed. R. Crim. P. 34(b)(4)(B), 36. The court will do so because the FBI agent's uncontroverted affidavit, which is sufficient to show that the defendant herself sold the diamond ring, resolves the issues raised in the defendant's previous Motion to Clarify. (*See* Docket No. 113, Ex. 1.)

## **CONCLUSION**

For the reasons discussed above, the court will grant the Government's Motion to Amend. The Judgment will be amended to include, by reference, the Preliminary Order of Forfeiture. The preliminary order will be made final, except that, consistent with 29 U.S.C. §

---

[4] Even if the amendments to Rule 32.2 do not apply to judgments entered before December 1, 2009, the court declines to follow *Pease* and instead adopts the majority approach.

6

1056(d)(1), the Government may not reach the defendant's retirement accounts as substitute assets under 21 U.S.C. § 853(p).

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge